**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

**V.**                                                       **NO. 4:23-CV-19-DMB-JMV**

**MARY FLEMING**                                                 **DEFENDANT**

**ORDER**

On January 20, 2023, the United States of America filed a complaint against Mary Fleming

in the United States District Court for the Northern District of Mississippi seeking "to recover

treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for

common law or equitable causes of action for payment by mistake and unjust enrichment based

upon Fleming's receipt of Paycheck Protection Program ('PPP') funds to which she was not

entitled." Doc. #1 at 1.  The complaint alleges that Fleming, through false representations, received

PPP loans totaling $40,660 (for which the Small Business Administration paid a total of $5,000 in

processing fees to the financial institution involved) and that Fleming, also through false

representations, obtained forgiveness of those loans by the SBA.  *Id*. at 6.

On April 10, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the

parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent

judgment on the terms provided in the attached Exhibit."  Doc. #7.[1]  The joint motion and the

proposed consent judgment are both signed by an Assistant United States Attorney and by Fleming

who appears pro se.  *Id*.  The certificate of service associated with the joint motion was filed on

April 24, 2023.  Doc. #8.

Generally, before entering a consent judgment, also called a consent decree, courts

---

[1] In violation of Local Rule 7(b)(2)(F), the proposed consent judgment is attached to the joint motion as an exhibit.
*See* Doc. #7-1.

must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Fleming to pay $45,787.63 plus interest and a separate $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [7] is **GRANTED**. The parties' proposed consent judgment[2] will be signed and entered by the Court.

**SO ORDERED**, this 2nd day of May, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Inexplicably, "Jury Trial Demanded" is included in the proposed consent judgment's caption.